# EXHIBIT A

Electronically Filed
1/26/2021 11:00 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
JOSEPH W. GUINDY, ESQ.
Nevada Bar No. 15556
**MAINOR WIRTH, LLP**
6018 S. Fort Apache, Ste. 150
Las Vegas, Nevada 89148
(702) 464-5000
(702) 463-4440 Facsimile
ash@mwinjury.com
*Counsel for Plaintiffs*

CASE NO: A-21-828456-C
Department 4

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CHRIS MICHAELS, individually; DEIAN BORISLAV KOLEV, individually; and CHRISTINE LE, individually;<br><br>Plaintiff,<br>vs.<br><br>DMITRY PUSTYLNIKOV, individually; KNIGHT TRANSPORTATION, INC., a Foreign Corporation; DOES I through XX, inclusive; and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, CHRIS MICHAELS, DEIAN BORISLAV KOLEV, CHRISTINE LE and by and through their counsel of record, BRADLEY S. MAINOR, ESQ., JOSEPH J. WIRTH, ESQ., ASH MARIE BLACKBURN, ESQ., and JOSEPH W. GUINDY, ESQ. of MAINOR WIRTH, LLP, hereby complain and allege against Defendants, and each of them, as follows:

**I.**

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.      That at all times relevant hereto, Plaintiff CHRIS MICHAELS (hereinafter "MICHAELS"), is and was a resident of the County of Clark, State of Nevada.

2. That at all times relevant hereto, Plaintiff DEIAN BORISLAV KOLEV (hereinafter "KOLEV"), is and was a resident of the County of Clark, State of Nevada.

3. That at all times relevant hereto, Plaintiff CHRISTINE LE (hereinafter "LE"), is and was a resident of the County of Clark, State of Nevada.

4. That Plaintiff is informed and believes, and thereupon alleges, that Defendant DMITRY PUSTYLNIKOV (hereinafter "PUSTYLNIKOV") is, and at all times relevant hereto, was a resident of the County of Pasco, State of Florida.

5. That Plaintiff is informed and believes, and thereupon alleges, that Defendant KNIGHT TRANSPORTATION, INC. (hereinafter "KNIGHT"), is, and at all times relevant hereto, was a foreign corporation, domiciled in the State of Arizona and doing business within State of Nevada.

6. That all the facts and circumstances that give rise to the subject lawsuit occurred on US 6 highway at approximately mile marker 11 in the County of Mineral, State of Nevada.

7. That the identities of the Defendants, DOES I through XX, are unknown at this time and may be individuals, partnerships or corporations.  Plaintiffs allege that each of the Defendants designated herein as DOE DEFENDANTS individuals whose true names and capacities are unknown to Plaintiffs and are, therefore, sued by their fictitious names.  Upon information and belief, each of these Defendants is responsible in some manner for the events and happenings referred to and, in some manner, caused the injuries and damages arising proximately from the subject incident described further herein.  Upon information and belief, one or more of these Defendants held an ownership interest in the vehicle operated by Defendant PUSTYLNIKOV at the time of the subject incident.  These DOE Individuals held a duty to Plaintiffs to ensure that the vehicle they owned would not be operated by an individual they knew or had reason to know was unfit to perform that function.  These Defendants breached that duty by entrusting their vehicle to Defendant PUSTYLNIKOV who then, in turn, carelessly caused the collision with Plaintiffs and the harms as described herein.  These DOE Individuals also owed a duty of care to Plaintiffs to ensure the vehicle operated by Defendant

PUSTYLNIKOV were suitably serviced and maintained in order to operate safely upon the public roadways. These Defendants breached that duty by failing to maintain the vehicle operated by the Defendant, resulting in the collision with the Plaintiffs. These DOE defendants also owed a duty of care to Plaintiffs not to place a hazard in the public roadway that would cause the subject accident to occur. These Defendants breached that duty by causing the roadway to be unsafe. Plaintiffs will seek leave to amend this Complaint as the true identities of these individuals become known.

8. That the identities of the Defendants, DOES I through XX may also include immediate family members, including, but not limited to, the wife, husband, son(s), daughter(s), father, mother, brother(s), or sister(s), of Defendant PUSTYLNIKOV, possessing an ownership interest in the vehicle driven by Defendant, which caused a multi-vehicle collision with the vehicle owned and operated by Plaintiffs at the time of the incident. These immediate family members are individuals whose true names and capacities are unknown to Plaintiffs and are, therefore, sued in their fictitious names under the doctrine of imputed liability found in NRS 41.440. Plaintiffs will seek leave to amend this Complaint as the true identities of these individuals become known.

9. That the names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants named herein as ROE CORPORATIONS I through XX, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereupon alleges that the Defendants so designated herein as ROE CORPORATIONS I through XX, inclusive, are responsible in some manner for their agency, master/servant or joint venture relationship with said Defendants, or otherwise contributed to, as a proximate cause, the events complained of herein. These ROE defendants also owed a duty of care to Plaintiffs to ensure the vehicles operated by Defendant was suitably serviced and maintained in order to operate safely upon the public roadways. These Defendants breached that duty by failing to maintain the vehicles operated by the Defendant, resulting in the collision with the Plaintiffs. These ROE defendants also owed a duty of care to Plaintiffs not to

place a hazard in the public roadway that would cause the subject accident to occur. These Defendants breached that duty by causing the roadway to be unsafe, resulting in the collision with the Plaintiffs. Plaintiffs will seek leave to amend this Complaint as the true identities of these individuals become known.

## II.
## FIRST CAUSE OF ACTION
*Negligence as to Defendant Dmitry Pustylnikov*

10. Plaintiffs repeat, re-allege, and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. At all times herein relevant, Defendant PUSTYLNIKOV and/or DOES I through XX, were the owners and/or operators of a certain 2019 freightliner semi-truck, which was involved in the subject incident.

12. On or about February 4, 2019, at 9:00 a.m., Plaintiff MICHAELS was the permissive operator of a 2018 Subaru Forester owned by Plaintiff LE, traveling westbound on US 6 highway at approximately mile marker 11 in Mineral County.

13. At said time and place, Plaintiffs KOLEV and LE were fault-free passengers in the vehicle driven by Plaintiff MICHAELS.

14. At said time and place, Defendant PUSTYLNIKOV was operating his semi-truck eastbound on US 6 highway at approximately mile marker 11 in Mineral County, State of Nevada. Defendant PUSTYLNIKOV proceeded to enter the on-coming travel lane that Plaintiffs' vehicle was occupying in an attempt to pass the vehicle directly in front of him.

15. Plaintiff MICHAELS attempted to avoid a head-on collision with Defendant PUSTYLNIKOV's semi-truck by pulling as close to the guardrail as possible.

16. Defendant PUSTYLNIKOV failed to obey limitations on overtaking the left side, resulting in the right side of Defendant PUSTYLNIKOV's vehicle striking the left side of Plaintiffs' vehicle, wedging Plaintiffs' vehicle between the guardrail and Defendant PUSTYLNIKOV's vehicle.

17. At all times mentioned herein, there were in force statutes, ordinances, and

1 regulations (NRS 484B.213) prohibiting the conduct exhibited by Defendant PUSTYLNIKOV.

18. That Plaintiffs are a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

19. That Plaintiffs sustained injuries that were the type which said statutes, ordinances and regulations were intended to prevent.

20. As a direct and proximate result of the Defendant PUSTYLNIKOV's violation of said statutes, ordinances, and regulations, Plaintiffs sustained the damages alleged herein.

21. KNIGHT TRANSPORTATION, INC., DOES I through XX and/or ROE CORPORATIONS I through XX were the owners, employers, family members and operators of Defendant PUSTYLNIKOV's motor vehicle, while in the course and scope of employment and/or family purpose, which was entrusted and driven in such a negligent and careless manner so as to strike Plaintiffs, while they were lawfully operating their vehicle in Mineral County, Nevada.

22. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs were significantly injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to their general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

23. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

24. As a further direct and proximate cause of the negligence of Defendant, Plaintiffs MICHAELS and KOLEV have lost time from their employment and/or may suffer a loss of future earning capacity, all to said Plaintiffs' damages in amounts presently unascertained; that in this regard, said Plaintiffs pray for leave of this court to insert all of said damages when the same have been fully ascertained.

25. Plaintiff has been Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and are entitled to reasonable attorney's fees and costs incurred herein.

### III.

### SECOND CAUSE OF ACTION
*(Negligence/Respondeat Superior as to Defendant KNIGHT TRANSPORTATION, INC.)*

26. Plaintiffs repeat, re-allege and incorporate by reference Paragraphs 1 through 25 above as if fully set forth herein.

27. On February 4, 2019, Defendant PUSTYLNIKOV was an agent and/or employee of Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX and was acting within the course and scope of his employment.

28. At all relevant times herein, Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX was liable for the negligent acts of its agent/employee, Defendant PUSTYLNIKOV, under the legal doctrine of vicarious liability/*respondent superior*.

29. At all relevant times herein, Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX employed Defendant PUSTYLNIKOV with the intent for him to use the subject 2019 freightliner semi-truck on its behalf.

30. Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX negligently employed Defendant PUSTYLNIKOV as a driver, evidenced by his negligent behavior and the motor vehicle crash he caused with Plaintiffs' vehicle.

31. As a direct and proximate result of the negligence of Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX, Plaintiffs were seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to their general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32. As a further and direct and proximate result of the negligence of Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX, Plaintiffs incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiffs may be required in the future to incur expenses for medical care and treatment.

33. As a further direct and proximate cause of the negligence of Defendants, Plaintiffs

MICHAELS and KOLEV have lost time from their employment and/or may suffer a loss of future earning capacity, all to said Plaintiffs' damages in amounts presently unascertained; that in this regard, said Plaintiffs pray for leave of this court to insert all of said damages when the same have been fully ascertained.

34. That Plaintiffs have been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

## IV.

### THIRD CAUSE OF ACTION
*(Negligent Hiring, Training, Retention and Supervision as to Defendant KNIGHT TRANSPORTATION INC.)*

35. Plaintiffs repeat, re-allege, and incorporate by reference Paragraphs 1 through 34 above as if fully set forth herein.

36. That based upon information and belief, Plaintiffs allege that Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX was negligent in the selection, hiring, training, supervision and/or retention of their employees, agents, servants, partners, associates, and/or associations at all times relevant herein.

37. Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX owed a duty to Plaintiffs to ensure each and every employee operating a large vehicle on its behalf (i) had a history and track record evidencing reasonable skills, prudence, caution, and due care in operating similar vehicles; (ii) was familiar enough with the vehicle to operate it in a reasonably safe manner and with due care; (iii) had the proper knowledge, training, education, and/or experience to operate the vehicle in a reasonably safe manner and with due care; (v) would utilize the vehicle appropriately with respect to speed, environmental conditions, routes, cargo, passengers, and special uses of the vehicle; (vi) possessed valid and appropriate licenses to operate the vehicle; (vii) possessed valid and appropriate insurance to operate the vehicle; and (viii) would in fact operate the vehicle in a reasonably safe and non-dangerous manner compliant with all applicable rules, statutes, ordinances, and laws.

38. Defendants breached these duties, as evidenced by Defendant PUSTYLNIKOV's

negligent behavior that resulted in the subject collision. Specifically, Defendant PUSTYLNIKOV failed to obey limitations on overtaking the left side, causing a head-on collision with oncoming traffic, tending to prove that he was improperly hired, trained, and/or supervised.

39. As a direct and proximate result of the negligence of Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX, Plaintiffs were seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to their general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

40. As a further and direct and proximate result of the negligence of Defendant KNIGHT, DOES I through XX and/or ROE CORPORATIONS I through XX, Plaintiffs incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiffs may be required in the future to incur expenses for medical care and treatment.

41. As a further direct and proximate cause of the negligence of Defendants, Plaintiffs MICHAELS and KOLEV have lost time from their employment and/or may suffer a loss of future earning capacity, all to said Plaintiffs' damages in amounts presently unascertained; that in this regard, said Plaintiffs pray for leave of this court to insert all of said damages when the same have been fully ascertained.

42. That Plaintiffs have been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

## V.
## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment of this Court as follows:

1. For general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. For special damages in an amount to be proven at time of trial;
3. Damages related to the lost wages and/or future loss of earning capacity;
4. Damages related to the loss of household services;

5. For reasonable attorneys' fees and costs incurred herein;

6. For prejudgment interest; and

7. For such other and further relief that the court may deem just and proper.

DATED this 26 day of January, 2021.

**MAINOR WIRTH, LLP**

*/s/  Ash Marie Blackburn*
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
*Counsel for Plaintiffs*